UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:02CR61 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| WILLIAM F. DANIEL, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is Defendant William F. Daniel's ("Defendant")'s Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 to U.S.S.G. §2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 750 to certain offense levels for the illegal possession of crack cocaine. (Doc. No. 42.) The United States of America ("the Government") responded in opposition to Defendant's motion. (Doc. No. 45.) For the reasons set forth below, Defendant's motion is **DENIED as MOOT**.

On June 26, 2006, Defendant pleaded guilty to the following: distribution of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Four); and using/carrying a firearm in relation to a drug trafficking crime in violation of 18 US.C. § 924(c)(1) (Count Five). (Doc. No. 14.) Defendant was sentenced on September 17, 2002. (Doc. No. 22.) Based on an adjusted total offense level of 29 and a criminal history category of III, Defendant was subject to a mandatory minimum sentence of 120 months imprisonment as to Count Four.[1] However, after granting the Government's motion under U.S.S.G. §5K1.1 for a two-level departure for Defendant's substantial assistance, the Court departed from the

---

[1] Because his offense involved over 57.9 grams of cocaine base, Defendant's base offense level was 32, which was reduced by three-levels for acceptance of responsibility.

mandatory minimum and the resulting guideline range and sentenced Defendant to 100 months in prison and three years of supervised release as to Count Four. The Court further sentenced Defendant to a mandatory consecutive term of 60 months imprisonment as to Count Five, for a total sentence of 160 months.

On May 22, 2009, the Court granted Defendant's unopposed motion for a sentence reduction pursuant to § 3582(c)(2), reducing Defendant's sentence on Count Four to 80 months imprisonment. (Doc. No. 37.) On March 30, 2012, Defendant filed the present motion, arguing that he is entitled to a further reduction in sentence to 46 months based on 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 750 to U.S.S.G. §2D1.1, which lowered the offense level for illegal possession of crack cocaine by two levels.

On May 22, 2012, however, Defendant was released from federal prison and, therefore, his motion is **MOOT**. *See United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) ("If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.") (citations and internal quotation marks omitted); *United States v. Lewis*, 166 F. App'x 193, 195 (6th Cir. 2006) (holding that no meaningful relief may be granted regarding a custodial sentence once that sentence has been served); *see also* U.S.S.G. §1B1.10(b)(2)(C) (providing that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."). Even if Defendant's motion were not rendered moot by his release, however, he would have been ineligible for the reduction he sought.

A district court may resentence a defendant only as expressly provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Congress allows a district court to modify a term of imprisonment under § 3582(c) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

On June 30, 2011, the Sentencing Commission adopted Amendment 750 to the Drug Quantity Table in U.S.S.G. §2D1.1, which altered the offense levels applicable to crack cocaine offenses. U.S.S.G §1B1.10 was subsequently revised on November 1, 2011 to reiterate the limit on relief available under § 3582(c). Specifically, Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*)." U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). The Commission then added Amendment 750 to the list of amendments in U.S.S.G. §1B1.10(c) that will be applied retroactively, effective as of November 1, 2011.

As a matter of law, Amendment 750 has no effect on the statutory mandatory minimum applicable to Defendant. At sentencing, Defendant faced a statutory mandatory minimum sentence of 120 months.[2] The sentencing commission has no authority to alter

---

[2] The Court recognizes that the Fair Sentencing Act of 2010 ("FSA") lowered the statutory mandatory minimum penalty for various crack cocaine offenses. That reduction, however, only applies to defendants sentenced on or after August 3, 2010, the date of enactment. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Courts addressing Amendment 750 to the Sentencing Guidelines uniformly agree that the mandatory minimum provisions remain applicable to defendants, such as Daniel, who were originally sentenced *before* August 3, 2010, such that the new mandatory minimum provisions of the FSA are inapplicable

statutory mandatory minimum penalties. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum shall be the guideline range." U.S.S.G. § 5G1.1(b). Further, §§ 3582(c)(2) and 1B1.10 do not permit a defendant seeking relief pursuant to a retroactive amendment to be placed in a better position than he would have been in had the crack amendment been in place at the time of the original sentencing. *United States v. Johnson*, 564 F.3d 419, 423-24 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009).

Here, even if Amendment 750 had been in effect at the time of Defendant's sentencing, the starting point for Defendant's sentence would still have been the mandatory minimum, which remains greater than the maximum amended guideline range. *See e.g., United States v. McPherson*, 629 F.3d 609, 610 (6th Cir. 2011) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Green*, 532 F.3d 538, 546 n. 8 (6th Cir. 2008) (retroactive amendment "cannot override any mandatory statutory minimum sentences set forth by Congress"). Following the government's substantial assistance departure, the Court was permitted to depart below both the mandatory minimum and the guidelines range. As the Sixth Circuit held in *United States v. Hameed*, 614 F.3d 259, 268 (6th Cir. 2010), departures are appropriately measured from the statutory mandatory minimum. The new amendment does not affect this calculus. *See* U.S.S.G. §1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not

---

when determining a defendant's eligibility for a sentencing reduction under § 3582(c)(2). *See e.g., United States v. Ortiz-Vega*, 847 F. Supp. 2d 706 (E.D. Pa. 2012) (denying reduction under Amendment 750 where defendant was sentenced to mandatory minimum).


authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").[3] Although the base offense level as calculated by §2D1.1 has been altered, the mandatory minimum has not been altered by any retroactive amendment. Accordingly, even if the present motion were not moot, this Court would lack jurisdiction under § 3582(c)(2) to modify Defendant's sentence, and his motion would have been denied on this basis.[4]

       **IT IS SO ORDERED**.

Dated: February 5, 2013

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[3] Application Note 3 to §1B1.10 is inapposite here, as that commentary applies to defendants granted substantial assistance departures who were *not* subject to mandatory minimum terms of imprisonment. Here, however, it is undisputed that defendant was subject to a mandatory minimum sentence.

[4] Defendant's reliance on *Freeman v. United States*, 131 S. Ct. 2685 (2011) to the contrary, is misplaced. Unlike in *Freeman*, Defendant here did not enter into a binding Rule 11(c)(1)(C) plea agreement with the Government, nor is there any language in defendant's non-binding Rule 11(c)(1)(B) plea agreement indicating he would be sentenced in accordance with a particular guideline range. Even if the parties did discuss the guidelines in reaching their agreement, this "does not empower the court under § 3582(c)(2) to reduce the term of imprisonment that is ultimately agreed upon." *Freeman*, 131 S. Ct. at 2697. Specifically, Justice Sotomayor recognized that the guidelines are the starting point for plea negotiations, for "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations." *Id*. (citing *United States v. Booker*, 543 U.S. 220, 255 (2005)).