# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:02-cr-61 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIAM F. DANIEL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant William F. Daniel ("Daniel") to expunge his convictions in the above-captioned case. (Doc. No. 50 ["Mot"].) Plaintiff United States of America opposes the motion. (Doc. No. 52). For the reasons set forth herein, the motion is DENIED.

## I. BACKGROUND

On June 26, 2002, pursuant to a plea agreement, Daniel pled guilty to possession with intent to distribute cocaine base and use of a firearm during a drug trafficking offense. On September 17, 2002, the Honorable Peter C. Economus sentenced Daniel to a term of imprisonment of 160 months, consisting of a 100-month term of imprisonment on the drug count imposed consecutive to a mandatory 60-month term on the firearm count.[1] (Doc. No. 22 (Judgment).) On May 22, 2009, the Court granted Daniel's unopposed motion for a sentence reduction pursuant to 18 U.S.C. § 3582(a)(2), reducing his sentence on the drug count to 80 months. (Doc. No. 37.) Daniel was released from federal custody on May 22, 2012. Almost

---
[1] This case was reassigned to the docket of the undersigned on April 12, 2011.

twenty years after he was sentenced, Daniel filed the instant motion requesting that the Court expunge his felony convictions "so that [he] may pursue [his] career [further] by becoming an armed security guard" for the company for which he is already employed. (Mot. at 69.)

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond that which is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (citations omitted). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Certain statutes explicitly permit the sealing or expunging of criminal records under limited circumstances. *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). For instance, 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) grant courts the power to expunge convictions for certain violations of the Controlled Substances Act. *Id.* Other statutes, such as 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132) and 10 U.S.C. § 1565(e), authorize the Director of the Federal Bureau of Investigation and the Secretary of Defense, respectively, to expunge certain DNA records. *Id.* None of these statutes apply to the instant case, and there is no federal statute that supplies district courts with the general authority to expunge valid criminal convictions. *See United States v. Welch*, No. 1:05–CR–158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007).

The only other means by which this Court may entertain Daniel's request to expunge is under ancillary jurisdiction. Federal courts have "ancillary" jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court had subject-

matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). Courts may assert ancillary jurisdiction over a proceeding if doing so serves one of two purposes. First, a court may exercise ancillary jurisdiction over two or more claims that are factually interdependent when doing so would permit disposition of those claims by a single court. *Kokkonen*, 511 U.S. at 379 (citations omitted). Second, exercising ancillary jurisdiction is appropriate if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380 (citations omitted). The power to expunge or seal a conviction may only be exercised if doing so would serve the second purpose. *United States v. Smith*, No. 1:05–CR–286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010). Unlike "supplemental" or "pendant" jurisdiction, which are dictated by 28 U.S.C. § 1367, ancillary jurisdiction is governed by case law. *Field*, 756 F.3d at 914.

A district court's ancillary expungement power is rarely exercised, and courts "have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 79 F.3d 1149, at *2 (6th Cir. 1996) (unpublished opinion) (quotation marks and citation omitted). In *Field*, the Sixth Circuit held that district courts may exercise ancillary jurisdiction over motions to expunge unconstitutional convictions, but not motions based on purely equitable considerations. *Field*, 756 F.3d at 916; *see, e.g., United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017). Thus, in order to expunge or seal a conviction under ancillary jurisdiction, the district court must find that (1) the motion raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Daniel has not raised a constitutional challenge to the Court's judgment. For that reason alone, the motion to expunge must be denied. Furthermore, entertaining Daniel's motion to expunge a 19-year-old conviction would not serve the second purpose of ancillary jurisdiction identified in *Kokkonen*. Expunging a conviction years after the closing of the case does not manage the original case, vindicate this Court's power, or help effectuate the Court's orders. *See Lucido*, 612 F.3d at 874–75 (finding that the court had no authority to expunge a conviction 16 years later because it would not serve the purposes of ancillary jurisdiction identified in *Kokkonen*). There is no reason this Court may now assert jurisdiction over Daniel's motion almost two decades after the entry of the final judgment of the original case. Consequently, this Court does not have ancillary jurisdiction to entertain Daniel's motion to expunge his valid conviction. *See United States v. Flagg*, 178 F. Supp. 2d 903, 905 (S.D. Ohio 2001) ("The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged.") (collecting cases).

While this Court commends Daniel for maintaining steady employment in the years following his release from prison and it is sympathetic to the difficulties that convicted felons often face in the workplace, these are equitable considerations that cannot invoke ancillary jurisdiction. *See Field*, 756 F.3d at 916; *see, e.g., United States v. Tippie*, No. 3:08CR288, 2013 WL 4782370, at *1 (N.D. Ohio Aug. 21, 2013). His conviction was and remains valid, and the Court may not now invoke ancillary jurisdiction to entertain his motion. Therefore, because this Court lacks jurisdiction, Daniel's motion must be denied.

### III. Conclusion

For the foregoing reasons, Daniel's motion to expunge is DENIED.

**IT IS SO ORDERED**.

Dated: July 2, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**